FRANCISCO DEL VALLE, Plaintiff and Appellee, *v.* RETIREMENT BOARD, ETC., Defendant and Appellant.

No. 8659. Argued April 19, 1943.—Decided June 8, 1943.

*M. Rodríguez Ramos, Acting Attorney General,* and *R. García Cintrón, Assistant Attorney General,* and *Carmen B. Hernández, Law Clerk,* for appellants. *Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Francisco Del Valle, plaintiff herein, after having rendered services to the Insular Government for over twenty years was involuntarily separated from the office he held on October 31, 1941, on which date he had already reached the age of 62 years. According to the law in effect he is entitled to a life pension for involuntary retirement.

The Retirement Board of the Permanent Officers and Employees of the Insular Government having computed the pen-

sion that Mr. Del Valle should receive, a conflict arose between the parties as to the manner in which said pension should be computed.

The plaintiff contended that the pension must be computed exclusively on the basis of the provisions of §8 of Act No. 23 of July 16, 1935 (Special Session, p. 126), while the Retirement Board contended that said pension must be computed on the basis of the provisions of §§4 and 9 of the above-mentioned Act.

The parties having failed to reach an agreement, brought their case to the District Court of San Juan, submitted the case on the pleadings, and asked for a declaratory judgment that would determine the way in which the pension should be computed.

The court, on November 5, 1942, entered judgment "deciding that the pension to which the plaintiff is entitled, according to Act No. 23 of July 16, 1935, must be equal to half the salary he received at the time he was separated from his office on December 15, 1941, but that it should not exceed $1,500 a year," ordering defendants to pay the costs.

Feeling aggrieved by said judgment, the Retirement Board appealed from the same to this court, assigning the commission of only one error, to wit:

"The lower court erred in deciding that the pension to which the appellee is entitled must be computed only and exclusively in accordance with the provisions of §8 of Act No. 23 of June (*sic*) 16, 1935, that is, on the basis of half of the last salary received by the appellee."

The only question involved in this case is whether §8 of Act No. 23 provides a formula for the computation of the pension in all cases of involuntary separation from office of an officer or employee, or only in those cases in which the pensioner is over 45 years of age and less than 60. Appellants alleged that in all cases in which an officer or employee, involuntarily separated from office has attained the age of

60, the pension must be computed on the basis of the provisions of §§4 and 9 of the Act. Sections 4, 8, and 9 of the above-mentioned Act provide the following:

"Section 4.—Retirement shall be granted with a life annuity by reason of age, physical disability, length of service, or involuntary separation, in accordance with the provisions of this Act. In no case shall there be granted a life annuity the amount of which exceeds 75 per cent of the average of the basic annual salary or compensation received by the applicant during the last ten years of service, nor shall any life annuity ever exceed one thousand five hundred (1,500) dollars. The term *basic salary* or *compensation*, as used in this Act, shall be understood to exclude any bonus, perquisite, remuneration for extraordinary services, or compensation paid in addition to the salary provided for the position by law or regulation; *Provided*, That no retirement shall be granted to any person not in active service on the date he applies therefor, or to those who have contributed to the retirement fund for a period of less than ten years."

"Section 8.—If an official or employee of forty-five (45) years of age, to whom this Act is applicable, after he has served for a period of not less than twenty (20) years and before he is entitled to retire, is involuntarily separated from the classified or unclassified Civil Service for any reason except removal, such official or employee shall be entitled to receive, from the date he ceases in office, fifty per cent of the salary he was drawing at the time he ceased in office until his reinstatement by the Civil Service Commission in a position equal or similar to that which he was holding. For this purpose, it shall be the duty of the said Commission to send, without any excuse or pretext whatsoever, the name of said employee to the head of the department where a vacancy occurs, and the latter shall appoint the said employee to fill the vacancy. If the employee so appointed should decline said appointment, the annuity he is receiving shall cease *ipso facto*, and the Retirement Board shall proceed to drop his name from the pensioners' pay roll; *Provided, however,* That if the employee so involuntarily separated is sixty (60) years old or over, the annuity allowed him shall be for life, without a right to reinstatement, but in no case shall he receive an annual pension of more than one thousand five hundred (1,500) dollars.

"Section 9.—The life annuity of any official or employee of the Insular Government of Puerto Rico, within the classified or unclassified Civil Service, who may be retired under the provisions of this

Act, shall be a sum equal to two per cent (2%) of the average of the salaries received by the official or employee during the last eight (8) years of service multiplied by the total number of computable years of service during which he paid his quota normally, and one and one-half per cent for each additional year of computable service during which he did not pay his quota.

"In computing the services of an official or employee, the different periods of service rendered as defined in Section 3 shall be added together, the total of which in complete years shall be the basis for fixing the amount of his life annuity, the fractional part of a year to be disregarded.

"In computing the amount of the life annuity, the multiple of twelve nearest to the figure obtained in the arithmetical operation shall be adopted."

We are of the opinion that the lower court acted correctly in deciding that the life income to which the petitioner is entitled must be computed according to the provisions of §8, *supra*.

According to the wording of said Section, when an officer or employee "of forty-five (45) years of age," who has served for a period of over twenty years, is involuntarily separated from his office, except in cases of removal, said officer or employee is entitled to receive fifty per cent of the salary he was drawing at the time he ceased in said office until his reinstatement in a position equal or similar to that which he was holding. The words "of forty-five (45) years of age" do not mean that the officer or employee involuntarily separated from the service must be exactly forty-five years. What the lawmaker really meant was that the applicant must be forty-five years of age or more; thus the provisions of §8 are equally applicable to an employee of forty-five years of age as to another fifty or fifty-nine years of age. The employee thus separated who has not attained the age of sixty at the time of the separation is entitled to receive one-half of the salary he had been receiving, until the time he is reinstated. That pension can be converted into a life pension if the employee spends the rest of his life without being re-

instated to a position equal or similar to that which he previously held.

In case the employee "thus involuntarily separated" is sixty years of age or over, the income which he is entitled to receive is for life without his being entitled to be reinstated to an office equal or similar to that which he was holding, but the pension must not exceed $1,500 a year.

The cited §8 provides an exact and complete method for the computation of the pension of those involuntarily retired from the service. The essential requisites for a person to be entitled to a pension are: (a) to be over 45 years of age, and (b) to have been in the service of the Insular Government for a period of over 20 years. The petitioner-appellee herein is over 45 years of age, has served for a period of over 20 years and has been involuntarily separated from his office. If petitioner were under 60 years of age, he would be entitled to receive one-half of the salary he drew before, without any limitation whatsoever until his reinstatement to another office. Thus, if his salary were $6,000 a year, the pension would be $3,000 a year. The petitioner being over 60 years of age and having served for over 20 years and having been involuntarily separated from his office, the annual income to which he is entitled, according to the provisions of §8, must be equal to 50 per cent of the salary he was drawing at the time he ceased in office, provided it does not exceed $1,500 a year. Sections 4 and 9, *supra,* are not applicable to a case like the one at bar.

The judgment appealed from must be affirmed.